RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/15/14
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLARENCE WALKER NELSON,<br>    Petitioner<br><br>VERSUS<br><br>WARDEN, LOUISIANA STATE<br>PENITENTIARY,<br>    Respondent | CIVIL ACTION<br>SECTION "P"<br>NO. 1:13-cv-03070<br><br><br>JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Clarence Walker Nelson ("Nelson") on November 13, 2013 (Doc. 1). Nelson is attacking his 2006 conviction and sentence, in the Louisiana Tenth Judicial District Court in Natchitoches Parish, as a habitual offender, following his third felony conviction on a charge of aggravated battery (Doc. 1). State v. Nelson, KA 07-701 (La. App. 3d Cir. 1/30/08), 977 So.2d 1061, writ den., 2008-K-0494, 2008-KO-0497 (La. 10/3/08), 992 So.2d 1009 (habitual offender), and State v. Nelson, KA 12-11 (La. App. 3d Cir. 10/3/12), 98 So.3d 960, writ den., 2012-KH-2445 (La. 4/5/2013), 110 So.3d 1070 (aggravated battery).

Nelson raises the following grounds for relief in his habeas petition:

    1. Nelson had ineffective assistance of counsel at his initial sentencing (for his aggravated battery conviction) and at his subsequent habitual offender

proceeding.

2. Nelson was denied due process/equal protection of the law when he was tried by a six person jury at his aggravated battery trial.

3. There is insufficient evidence to support Nelson's conviction for aggravated battery.

In response (Doc. 11), the Respondent contends that Nelson's claims are procedurally barred.

## Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to

a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the facts in light of the evidence presented in the State Court proceeding.  Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254 (d)(1), and questions of fact are reviewed under Section 2254(d)(2).  <u>Martin v. Cain</u>, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts.  <u>Martin</u>, 246 F.3d at 476, and cases cited therein.

<u>Procedural History</u>

The procedural history of this case is tortuous.  In summary, Nelson was convicted and sentenced for aggravated battery in 2006,

then his aggravated battery sentence was vacated and he was re-sentenced as a habitual offender. Nelson filed an appeal which was treated as an appeal *only* of the habitual offender proceeding (his appeal of his aggravated battery conviction was not considered) and his arguments as to the sufficiency of the evidence (that fingerprints were not used to prove his identity and the records custodian did not testify) were denied as procedurally barred because his attorney had failed to make any objections at the habitual offender proceeding (Doc. 12, Ex. p. 237). State v. Nelson, KA 07-701 (La. App. 3d Cir. 1/30/08), 977 So.2d 1061, writ den., 2008-K-0494, 2008-KO-0497 (La. 10/3/08), 992 So.2d 1009. Nelson's application for writs was denied by the Supreme Court (Doc. 12, Tr. pp. 244-245).

Nelson filed motions for post-conviction relief and out-of-time appeal of his aggravated battery conviction in 2009 and 2011 (Doc. 12, Tr. pp. 246, 249, 472); an out of time appeal of his aggravated battery conviction was eventually granted[1] (Doc. 2, Ex.

---

[1] In Nelson, 98 So.3d at 961, the Court of Appeal noted that the Supreme Court in State v. Means, 09-1716, p. 2 (La.4/9/10), 32 So.3d 805, 806 (second alteration in original), held that "[h]abitual offender proceedings do not charge a separate crime but are a part of the original proceeding leading to conviction, State v. Alexander, 325 So.2d 777, 779 (La. 1976), and a defendant generally may appeal only from '[a] judgment which imposes sentence.' La.C.Cr.P. art. 912(C)(1)." The Court of Appeal held that it had erred in not considering Nelson's underlying conviction for aggravated battery on direct appeal (instead considering only his habitual offender proceeding), and that his aggravated battery conviction was thus properly before the court on an out-of-time appeal. Nelson, 98 SO.3d at 961-962.

pp. 390), and that was affirmed by the Court of Appeal (Doc. 12, Tr. p. 513). The Court of Appeal found there was sufficient evidence to support his aggravated battery conviction, that six was the correct number of jurors for the jury panel, and that his claim of ineffective assistance of counsel at his sentencing on his aggravated battery conviction was moot (Doc. 12, Ex. p. 513); the court refused to consider arguments as to Nelson's habitual offender conviction (ineffective assistance of counsel) (Doc. 12, Ex. p. 513). The Supreme Court denied Nelson's writ application. State v. Nelson, KA 12-11 (La. App. 3d Cir. 10/3/12), 98 So.3d 960, writ den., 2012-KH-2445 (La. 4/5/2013), 110 So.3d 1070.

Law and Analysis

Nelson contends he had ineffective assistance of counsel at his initial sentencing (for his aggravated battery conviction) and at his subsequent habitual offender proceeding, he was denied due process when he was tried by a six person jury at his aggravated battery trial, and there is insufficient evidence to support his conviction for aggravated battery. The Respondent contends Nelson failed to exhaust his state court remedies as to these claims that habeas review is procedurally barred.

Exhaustion and Procedural Bar

Petitioners seeking habeas relief under Section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. The exhaustion requirement is satisfied

5

when the substance of the federal habeas claim has been fairly presented to the highest state court. A claim is not exhausted unless the habeas petition provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, if a petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred, then the claim is procedurally defaulted. Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998), cert. den., 528 U.S. 895, 120 S.Ct. 224 (1999). The reason for this is when federal habeas claims are technically exhausted because the petitioner allowed his state law remedies to lapse without presenting his claims to the state courts, there is no substantial difference between non-exhaustion and procedural default. Jones, 163 F.3d at 296.

Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. Lott V. Hargett, 80 F.3d 161, 164 (5th Cir. 1996).

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. U.S. v. Flores, 981 F.2d 231, 235-36 (5th Cir. 1993). "Cause" under the cause and prejudice standard must be something external to the petitioner, something that cannot be fairly attributed to him. McCowin v. Scott, 67 F.3d 100, 102 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). However, the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488-489, 106 S.Ct. 2639, 2646 (1986).

1.

Nelson contends his trial counsel was ineffective at his initial sentencing proceeding for his aggravated battery conviction by failing to object to the presentence report and failing to object to imposition of the maximum possible sentence. On direct

(out of time) appeal, the Court of Appeal considered those claims and held they are moot because that sentence was vacated in its entirety upon imposition of Nelson's sentence as a habitual offender (Doc. 12, Tr. p. 513). Nelson, 98 So.3d at 963. Nelson's subsequent application for writs was denied by the Louisiana Supreme Court. Therefore, Nelson exhausted his state court remedies as to these claims, and they are not procedurally barred.

However, as held by the state courts, these claims are moot because Nelson's sentence for his aggravated battery conviction was vacated. Therefore, regardless of whether Nelson's attorney committed errors at his sentencing for the aggravated battery conviction, Nelson cannot show prejudice arising from those errors.

This ground for habeas relief is meritless.

2.

Nelson contends he also had ineffective assistance of counsel at his habitual offender proceeding.

On direct appeal of his habitual offender sentence, Nelson raised a claim of insufficient evidence to support his habitual offender conviction (the State failed to provide fingerprint evidence, and the State's witness did not have personal knowledge of the predicate offenses and was not the records custodian) which the court denied because his attorney had not objected to introduction of the evidence (Doc. 12, p. 236). Nelson, 977 So.2d at 1064-1054. Nelson did not thereafter claim ineffective

at 1064-1054. Nelson did not thereafter claim ineffective assistance of counsel at his habitual offender proceeding in his application for post-conviction relief (Doc. 12, Tr. p. 508). Instead, Nelson attempted to raise the issue of ineffective assistance of counsel at his habitual offender proceeding in his direct (out of time) appeal from his aggravated battery conviction, which the Court of Appeal refused to consider since it was not properly before the court (Doc. 12, Tr. p. 513), and the Louisiana Supreme Court denied writs. See <u>State v. Nelson</u>, KA 12-11 (La. App. 3d Cir. 10/3/12), 98 So.3d 960, 961 writ den., 2012-KH-2445 (La. 4/5/2013), 110 So.3d 1070. Therefore, Nelson failed to exhaust his claim of ineffective assistance of counsel at his habitual offender proceeding.

Since it is now too late for Nelson to exhaust his state court remedies as to his claim of ineffective assistance of counsel at his habitual offender proceeding, this claim is procedurally barred.

However, Nelson contends that he can show cause for his procedural default by proving he had ineffective assistance of counsel. Although ineffective assistance of counsel can constitute cause, counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation. <u>Coleman v. Thompson</u>, 501 U.S. 722, 755, 111 S.Ct. 2546, 2567 (1991). If the procedural default is the result of ineffective assistance of counsel, the

Sixth Amendment itself requires that responsibility for the default be imputed to the State. The error must be seen as an external factor, i.e., imputed to the State. Coleman, 501 U.S. at 754, 111 S.Ct. at 2567. However, Nelson has failed to exhaust his state court remedies as to his claim of ineffective assistance of counsel at his habitual offender proceeding. Therefore, this claim is procedurally barred. See Murray, 477 U.S. at 489, 106 S.Ct. at 2646.

In any event, Nelson cannot show that his counsel erred. Nelson contends his trial counsel was ineffective at the habitual offender proceeding because he failed to object to the use of simple burglary as a predicate offense under the habitual offender statute, La.R.S. 15:529.1. Nelson contends that (1) simple burglary is not a crime of violence, and (2) the maximum twelve year sentence for simple burglary does not meet the habitual offender statute's requirement that a prior offense be punishable by imprisonment for more than twelve years.

First, Nelson assumes that his simple burglary conviction was a crime of violence under the Habitual Offender Statute. However, simple burglary is not a crime of violence. See State v. Lindsey, 99-K-3256, 99-K-3302 (La. 10/17/00), 770 So.2d 339, 347. Nelson's simple burglary conviction fell within the scope of "any other crimes" under the Habitual Offender Statute.

Second, Nelson contends that simple burglary has a maximum

possible sentence of *up to* twelve years, while the provision of the habitual offender statute under which he was sentenced provided that the prior conviction must have been a crime of violence punishable by imprisonment for *more than* twelve years. However, Nelson appears to be using an outdated version of La.R.S. 15:529.1, which was amended in 2001. As explained in State v. Simmons, 02-KA-960 (La. App. 5th Cir. 2003), 839 SO.2d 239, 243 n.3, writ den., 2003-KO-0841 (La. 10/31/03) 857 So.2d 473, prior to the 2001 amendment of La.R.S. 529.1, La. Acts 2001, No. 403 § 2, the prior crimes had to be punishable by imprisonment for "more than twelve years." However, the 2001 amendment changed that language to include crimes punishable by imprisonment for "twelve years or more," thereby including any convictions for offenses which carried a maximum imprisonment sentence of twelve years, such as simple burglary, within the scope of "any other crimes" in the habitual offender statute.

Since Nelson's simple burglary statute was properly included as a prior felony for his sentencing computation under the habitual offender statute, Nelson cannot show that his attorney erred in failing to object to its inclusion as a predicate offense at his habitual offender proceeding.

In any event, Nelson failed to exhaust his ineffective assistance of counsel claim in order to prove cause to overcome the procedural bar. Therefore, this ground for relief is procedurally

barred.

3.

Nelson also contends he was denied due process/equal protection of the law when he was tried by a six person jury at his aggravated battery trial. Nelson raised this claim in his out-of-time appeal and in his subsequent application for writs. <u>Nelson</u>, 98 So.3d at 963. Therefore, Nelson exhausted his state court remedies as to this claim and it is not procedurally barred.

Nelson was tried on a charge of second degree aggravated battery and was convicted on the lesser included offense of aggravated battery. As noted by the Court of Appeal, the penalty for aggravated second degree battery at the time of the offense in 2005 was at $10,000 fine and/or imprisonment, with or without hard labor, for not more than fifteen years. La.R.S. 14:34.7, Historical and Statutory Notes. La.C.Cr.P. art. 782 stated in 2005 (as well as now) that cases in which punishment *may* be confinement a hard labor shall be tried by a jury of six jurors. Therefore, Nelson was not denied due process when he was tried by a six person jury.

This ground for relief is meritless.

4.

Nelson contends there is insufficient evidence to support his aggravated battery conviction. This issue was considered by both the Court of Appeal and the Supreme Court on direct (out of time)

appeal (Doc. 12, Tr. p. 513).  See <u>Nelson</u>, 98 So.3d at 961-962. Therefore, Nelson exhausted his state court remedies as to this claim, and it is not procedurally barred.

Nelson contends the State (1) failed to prove the allegation that he cut the victim, (2) failed to produce any corroborating witnesses regarding the victim's claims, (3) failed to establish any time lines regarding the alleged crime and the time of the police response, (4) failed to prove the allegation that Nelson cut the victim, fled, washed up and changed his clothes, all within thirty minutes, before being arrested in the same clothes in which he allegedly committed the offense, and (5) failed to produce photos to corroborate the police testimony that the house "looked like someone had taken a red paint brush and splatted blood everywhere" and that there was blood in the street, despite the fact that the victim's injury was minor enough to not require stitches.

A reviewing court confronted with a claim of insufficient evidence must, after viewing all the evidence in the light most favorable to the conviction (prosecution), determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Cupit v. Whitley</u>, 28 F.2d 532, 542 (5th Cir. 1994), cert. den., 513 U.S. 1163, 115 S.Ct. 1128 (1995), citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 278 (1979).  Habeas relief on a claim of insufficient evidence is

13

adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. West v. Johnson, 92 F.3d 1385 (5th Cir. 1996), cert. den., 520 U.S. 1242, 117 S.Ct. 1847 (1997). To apply this standard, the court looks to elements of the offense as defined by state substantive law. Donahue v. Cain, 231 F.3d 1000, 1004 (5th Cir. 2001).

In 2005, La.R.S. 14:34 defined aggravated battery as follows: "Aggravated battery is a battery committed with a dangerous weapon." To support a conviction for aggravated battery, the State must prove that the defendant intentionally used force or violence upon the victim, that the force or violence was inflicted with a dangerous weapon, and that the dangerous weapon was an instrumentality used in a manner likely to cause death or great bodily harm. State v. Brooks, 499 So.2d 741, 746 (la. App. 3d Cir. 1986), citing State v. Day, 468 1336, 1340 (La. App. 1st Cir. 1985). Physical contact, whether injurious or merely offensive, is a necessary element of the crime of aggravated battery. State v. Dauzat, 392 So.2d 393, 396 (La. 1981).

In the case at bar, Debra Williams testified she and Nelson had been living together in her house for two or three days when she told him to get out and then put his things outside (Doc. 12, Ex. pp. 424-425, 428). Williams testified that, after she put Nelson's things outside, he told her to put them back inside, and she replied that she wanted him to leave, so he cut her on her

buttocks with a knife, then stabbed her in the arm (Doc. 12, Ex. pp. 425-426). Williams testified that she was unarmed at the time (Doc. 12, Ex. p. 426). Williams testified that she then went next door (Doc. 12, Ex. p. 427).

Officer Roy Lee, of the Natchitoches City Police Department, testified that he was dispatched to the scene and found Williams sitting by the road with a cut on her arm that was "gushing" and "pumping" blood, and that she reported that Nelson had stabbed her (Doc. 12, Ex. p. 419). Officer Jeff Townson, of the Natchitoches City Police Department, testified that Williams was sitting in a chair outside, that blood was running down her arm through a towel, that there was a lot of blood in the street, on the ground around her house, and in her house (Doc. 12, Ex. p. 422).

Nelson testified that Williams wanted him to stay at her house, so when he told her he was leaving, she told him to take clothes with him; Nelson responded he would be back for his clothes the next day (Doc. 12, Tr. p. 434). Nelson testified that, when he left Williams' house that day, she was in perfect health; he found out later that she had been stabbed (Doc. 12, Tr. pp. 434-435). Nelson testified that when he was arrested an hour later, his clothes did not have blood on them, and agreed that he could have gotten clean clothes from Calvin Ray Hines, with whom he was talking when he was arrested (Doc. 12, Tr. pp. 435-436).

Williams testimony shows that Nelson used force or violence

against her with a dangerous instrumentality by stabbing and injuring her with a knife. Officers Lee and Townson corroborated the fact that Williams had been cut and that she reported that Nelson had attacked and cut her with a knife. A victim's or eyewitness' testimony alone may be sufficient to support a verdict. <u>State v. Davis</u>, 2002-K-1043 (La. 6/27/03), 848 So.2d 557, 559; <u>State v. Harris</u>, 2001-KA-1730 (La. 1/18/05), 892 So.2d 1238, cert. den., 546 U.S. 848, 126 S.Ct. 102 (2005).

Viewed in the light most favorable to the prosecution, there is sufficient evidence to support Nelson's aggravated battery conviction. This ground for habeas relief is meritless.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Nelson's petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 15th day of July 2014.

```
                              _____
                                      JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```